IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

      Plaintiff,                    No. 2: 09-cv-1465 GEB KJN P

    vs.

T. PERREZ, et al.,

      Defendants.             FINDINGS & RECOMMENDATIONS
_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' May 6, 2011 motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants move to dismiss plaintiff's state law claims on grounds that plaintiff failed to meet the claim presentment requirements of the California Tort Claims Act.  Good cause appearing, defendants' motion should be granted.

II. <u>Legal Standard</u>

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the

court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th Cir. 1999).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson</u>, 551 U.S. 89 (internal citations omitted).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally. <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

III. <u>Discussion</u>

This action is proceeding on the amended complaint filed June 23, 2010.  Plaintiff alleges that he required single cell status due to a seizure disorder.  Plaintiff alleges that in 2009, defendants decided to remove him from single cell status.  Plaintiff alleges that defendants' decision to remove him from single cell status violated his constitutional rights.  In his fourth claim for relief, plaintiff also alleges that defendants' decision violated California Government Code § 845.6, California Code of Regulations, title 15, §§ 3350(a)-(b)(3), 3160(a), 3320(b), California Penal Code §§ 118.1, 133.4 and 134, as well as the California Constitution.

////

1    California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County, 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Defendants move to dismiss plaintiff's state law claims on grounds that he has failed to set forth any allegations showing that he complied with the California Tort Claims Act. At the outset, the undersigned observes that not all of the state legal authority cited by plaintiff provides for a private cause of action. The sections of the California Penal Code he cites do not authorize private causes of action.

As for the sections of Title 15 of the California Code of Regulations plaintiff cites, the existence of regulations such as these governing the conduct of prison employees does not necessarily entitle plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. The undersigned has found no authority to support a finding that there is an implied private right of action under Title 15 and plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the undersigned finds that plaintiff fails and is unable to state any claims upon which relief may be granted based on the violation of Title 15 regulations.

Accordingly, plaintiff's claims alleging violations of the California Penal Code and Title 15 should be dismissed because they do not authorize private causes of action. 28 U.S.C. § 1915(e)(2) (court may dismiss at any time a claim that is legally frivolous).

In his opposition, plaintiff admits that he did not comply with the California Tort Claims Act. Plaintiff alleges that he requested a Tort Form from prison officials, but the form he received did not appear relevant to the claims raised in the instant action. Plaintiff's misunderstanding regarding how to proceed with a state tort claim does not excuse his failure to do so. It also appears, after reviewing plaintiff's opposition, that plaintiff may have confused the requirement that he exhaust administrative remedies with the requirement that he "exhaust" his state tort claims by filing a tort claim.

For the reasons discussed above, defendants' motion to dismiss plaintiff's claims brought pursuant to the California Government Code and California Constitution should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's state law claims brought pursuant to the California Penal Code and Title 15 be dismissed because these laws and regulations do not authorize private causes of action;

2. Defendants' motion to dismiss (Dkt. No. 41) be granted as to plaintiff's claims brought pursuant to the California Government Code and California Constitution; and

3. Defendants be ordered to file an answer to plaintiff's amended complaint within twenty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

////

1 | appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 | DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6 | ch1465.mtd