IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

      Plaintiff,                          No.  2: 09-cv-1465 GEB KJN P

    vs.

T. PEREZ, et al.,

      Defendants.             ORDER

_____/

        Defendants have requested that documents filed in support of their summary judgment motion be sealed.  In particular, defendants request that the court seal their statement of undisputed facts and the declaration of Dr. Tate, with attachments.  These documents contain information regarding plaintiff's mental health.  Defendants state that plaintiff was served with copies of the documents to be sealed.

        The Ninth Circuit has recognized a strong presumption of public access to judicial records applicable to documents attached to dispositive motions.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  There must be "compelling reasons" to justify the sealing of documents attached to dispositive motions.  Id. at 1180.  "That is, the party must 'articulate [ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the

1

public interest in understanding the judicial process." Id. (internal citations omitted). The need to protect medical privacy qualifies as a "compelling reason." See G. v. Hawaii, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010); Lombardi v. TriWest Healthcare Alliance Corp., 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009) (allowing defendant to file under seal exhibits containing "sensitive personal and medical information" (citing Kamakana, 447 F.3d at 1179)).

On May 11, 2011, plaintiff filed an opposition to defendants' request to seal his mental health records. In his opposition, plaintiff clearly objects to the relevancy of the documents defendants move to seal. The court will address this issue when it rules on defendants' summary judgment motion. It is not clear whether plaintiff is also objecting to the motion to seal, i.e., whether plaintiff is waiving any opposition to the disclosure of his mental health records. For this reason, and good cause appearing, defendants' motion to seal is temporarily granted. Plaintiff is granted fourteen days from the date of this order to file a short brief clarifying whether he is waiving any opposition to the disclosure of the records defendants move to seal. If plaintiff joins in the request to have his mental health records sealed, the motion to seal will be permanent subject to further order of the court. If plaintiff waives any opposition to his records being sealed, the court will order plaintiff's records unsealed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request to seal documents is temporarily granted;

2. Defendants' undisputed statements of facts and defendants' exhibit B (declaration of Harold F. Tate, M.D., with attachments) are sealed; the court, the parties, and their agents and attorneys of record shall have access to those documents;

3. Plaintiff is granted fourteen days from the date of this order to file a short brief clarifying whether he is waiving any opposition to the disclosure of these records.

DATED: May 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ch1465.ord